## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AQUEISHA CAMERELLE PAYNE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-22-172-G** |
| | ) | |
| AUTO ADVANTAGE FINANCE LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Aqueisha Camerelle Payne, appearing pro se, filed this lawsuit on February 28, 2022 against Defendant Auto Advantage Finance LLC. Plaintiff's 90-day deadline to effect service upon Defendant expired on May 31, 2022. *See* Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), if a defendant is not served within this 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

As of May 31, 2022, Plaintiff had not requested the issuance of summons or ensured that a proof of service or waiver of service was filed with the Court. Nor had Defendant answered or otherwise indicated awareness of Plaintiff's lawsuit.

Accordingly, the Court directed Plaintiff to show cause in writing, within 14 days, why her claims against Defendant should not be dismissed. *See* Order of June 6, 2022 (Doc. No. 6) at 1. This Order was mailed to Plaintiff at her address of record, and there is no indication from the docket that it was not received. As of this date, Plaintiff has not

responded to the Court's Order and has not shown that service has been perfected on Defendant.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, she is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon Defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendant, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1)

2

whether "the applicable statute of limitations would bar the refiled action"; and (2) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no request for additional time or assistance with service. Although Plaintiff is proceeding *in forma pauperis*, there is no apparent confusion or delay justifying an extension. Further, although it is unclear what claims Plaintiff is asserting here, the Court finds that a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims. To the extent Plaintiff is asserting claims under Oklahoma law, Oklahoma's "savings statute" may save the claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile her claims against Defendant within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify her failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against

Defendant Auto Advantage Finance LLC for failure of service under Rule 4(m) of the

Federal Rules of Civil Procedure.

IT IS SO ORDERED this 2nd day of December, 2022.

_____
CHARLES B. GOODWIN
United States District Judge

4